David R. McGrew, Appellee, v. The Chicago & Milwaukee Electric Railroad Company, Appellant.

Gen. No. 4,984.

1. PASSENGER AND CARRIER—*when presumption of negligence not rebutted.* In an action by a passenger against a carrier where it appeared that the car of the carrier ran off the track at a curve in the road, *held*, that the evidence did not rebut the presumption of negligence which arose from the proof of the manner of the accident.

2. EVIDENCE—*as to what expert testimony may be given.* A wit-

ness having duly qualified may properly testify to pertinent questions concerning the effect of the application of brakes to cars, the effect of the reversal of the power and the proper manner of operating a car approaching a curve.

3. PRACTICE—*when newly discovered evidence not ground for new trial.* It is negligence to rely upon the supposed truthfulness of the adverse party and to proceed to trial expecting to establish certain facts by his testimony, and newly discovered evidence pertaining to facts which tend to contradict the testimony of such adverse party in the respect in question, is not ground for a new trial.

4. INSTRUCTIONS—*when refusal of correct, not ground for reversal.* The refusal of a correct instruction is not ground for reversal where its substance is contained in another instruction given.

5. VERDICT—*when excessive.* A verdict of $4750 rendered in an action on the case for personal injuries is excessive where the injury was mainly to the eyesight of the plaintiff, it appearing that such eyesight, previous to the injury, was to an extent, impaired.

Action in case for personal injuries. Appeal from the Circuit Court of Lake county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1908. Affirmed upon remittitur. Opinion filed August 10, 1908.

IRA C. WOOD, F. S. MUNRO and WILLIAM GARNETT, for appellant.

JAMES G. CONDON and THOMAS J. CONDON, for appellee; HANNA & MILLER and E. M. BUMPHREY, of counsel.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in case brought by David R. McGrew against the Chicago & Milwaukee Electric Railroad Co. to recover for personal injuries, sustained by him while a passenger on one of its cars. The jury returned a verdict for the plaintiff for $4,750 upon which judgment was rendered. The defendant prosecutes this appeal. The declaration alleges that the defendant was a common carrier of passengers for hire, in Lake and Cook counties, and as such owned and operated certain railroad tracks; that on April 23, 1905, the plaintiff was

a passenger upon an electric car operated by the defendant to be carried from Ravinia Park through Wilmette to Evanston; that it was the duty of defendant to safely carry the plaintiff on said car, etc., but not regarding its duty it so negligently and carelessly managed the car upon which the plaintiff was riding that said car, through such careless management and operation, at Fourth and Greenleaf streets, at Wilmette, overturned, by means whereof plaintiff was injured, etc. In other counts, negligence in other matters is alleged, such as: that the car was run at a dangerous rate of speed; that the car was overloaded; that the equipment was out of repair; that the body of the car was negligently attached to the trucks; that the tracks at Fourth and Greenleaf streets were constructed with a sharp and dangerous curve; that incompetent employes were employed and that the car was equipped with an insufficient and dangerous brake.

Counsel for appellant in their argument admit that the happening of the accident and the injury to a passenger make out a *prima facie* case, but claim the evidence introduced on the part of appellant rebutted such *prima facie* case. The proof was that the car, in which appellee was riding, was a forty-eight-foot car, weighing thirty-two tons; that the track of appellant's electric railway in Wilmette turns from Greenleaf on to Fourth street, and that these streets cross at right angles; the curve at this turn has a radius of fifty-five feet; the track is down grade in the direction the car was going; the grade being a little over ten inches to the one hundred feet. The proof for appellee shows that as the car approached Fourth street on Greenleaf, it was running at about twenty miles an hour, that the appellee was standing about the center of the car; that as the car got to the curve the speed seemed to slacken, but the car went over with a crash just as the car appeared to slacken its speed, leaving its trucks and landing on its side; that appellee was thrown on his head against the side of the car, with passengers and seats falling upon

SECOND DISTRICT—AUGUST, 1908.      213

McGrew v. Chicago & Milwaukee Elec. R. R. Co., 142 App. 210.

him.  The appellant proved by its conductor that from Sixth to Fifth street the car was running at from twelve to fifteen miles an hour, and from five to ten miles an hour between Fifth and Fourth streets, at which rate it entered on the curve; that it was a new car, with a seating capacity for forty-eight people, but it was overloaded, having about eighty-five passengers; that as the car approached the curve he felt the brake applied, but something gave way, and all at once the car ran forward and then there was a sort of a jerk as though the current was reversed; that he saw the wheels turning backwards, making sparks fly; that as the car turned all the trucks raised up with the body, but fell back parallel with the tracks; that the trucks remained on the track they were running on, but with some of the wheels off, and that the car was geared up to run forty-eight miles an hour.  On cross-examination he admitted that the car might have attained a speed of twelve or fifteen miles between Fifth and Fourth streets.  This car was turning a very sharp curve from Greenleaf street to a cross street.  The proof made by the appellant shows that something went wrong with the machinery of the car, as the brake seemed to take hold when applied, the car slackened speed and then it gained speed and shot forward, then a jerk was caused by the current being reversed, turning the wheels backward, when the car left the trucks on the curve and turned over.  Appellant's employe, the motorneer, was not called as a witness to tell what did occur.  Cars are not ordinarily run around curves on street car tracks with the current reversed.  The current is only reversed under extraordinary circumstances.  The evidence produced by the appellant, in place of rebutting the presumption of negligence, would appear to produce a positive conviction that the brakes were not working properly, or that the motorneer had permitted the car to get too close to the curve at too great a speed, and that when the power was reversed on entering the curve the momentum of the heavy car, overloaded with

passengers, impelled the car straight ahead, while the trucks followed the track. Between the two forces the car naturally turned over. The maxim *res ipsa loquitur* is applicable to this case. We are satisfied that the appellee is entitled to recover and there was no error in refusing the peremptory instruction asked by the appellant.

It is further argued that incompetent testimony was permitted to be given by a witness, over the objection of appellant. This witness was called in rebuttal. He was qualified as an expert witness by testifying that he had had twenty-five years' experience in operating and teaching others to operate grip and electric cars. He was asked concerning the effect of the application of brakes to cars, the effect of the reversal of the power and the proper manner of operating a car approaching a curve. There was no error in overruling the objections.

It is contended that the trial court should have granted a new trial because of newly discovered evidence. The proof showed that at the time of the injury the appellant was a student at Northwestern University at Evanston, but had once lived in Williamsville, Illinois. The principal injury for which appellee sought to recover is impaired eyesight, claimed to have been caused by the accident. The appellant, in support of its motion for a new trial, filed an affidavit made by its claim agent showing that about ten days before the trial a rumor had come to him, that while McGrew lived in Williamsville, his eyesight was weak and he wore glasses, and that affiant had been acquainted with McGrew from the time of the injury and had formed the opinion that he would truthfully state on the trial that he had worn glasses at Williamsville, and affiant was informed by the dean of Northwestern University and others that plaintiff was truthful and would state the facts regarding all matters connected with his past life. Appellant now insists that it was surprised by the testimony of appellee concerning his eyes and the wear-

ing of glasses. Appellant was advised of the injuries claimed by the appellee, and of the rumor as to what it now claims was the condition of appellee's eyes before the injury. Appellant had ample time to secure any evidence procurable on that issue, and it was negligent in going to trial relying on proving its case by the appellee. A new trial should not be granted because of the negligence of the party asking it.

The appellee also insists that there was error in refusing three instructions. Eighteen instructions were given for the appellant and none for the appellee. All the material propositions of law in the refused instructions were contained in some of the given instructions. It is not error to refuse instructions which are contained in the given instructions.

The question most strenuously argued is that the verdict is excessive. There is proof that in 1894, when appellee was seventeen years of age, he left his native State, Kentucky, and went to Williamsville, near Springfield in this state, where he worked on a farm. In 1897, he went to Evanston, where he attended school, and for two years prior to the injuries he had been a student, working his way through college. When he was taken out of the car, at the time of the accident, he was dizzy and covered with blood. He was taken to a physician's office, where his wounds were dressed. There was a long gash over his eye, extending to the bone, with several other wounds on his head, and blood coming from his ear. There was a hemorrhage on the eyeball. The injury to the head was such that whenever he undertook to study to any extent his temperature went up. The year preceding the accident he had earned over $500 by tending furnaces and cutting lawns. This kind of work he had to give up and the next year he only earned $125. Physicians state that the sight of the right eye is affected so that he has only two-fifths of the normal sight of that eye, and that the condition of appellee's eye is caused by some injury. Appellee claims that by the injury to his eye he was

not able to study as before the injury, and his gradua-
tion was postponed a year. The evidence of appellee
tended to show his eyes were weak before the accident,
and that a physician had prescribed glasses for him
eighteen months before that time. In view of appel-
lee's admissions as to the condition of his eyes before
the accident, extracted from him reluctantly on cross-
examination, we conclude the judgment is excessive.
If the appellee, within seven days after this opinion is
lodged with the clerk, will remit all the judgment in
excess of $2,500 the judgment will be affirmed at his
costs; otherwise the judgment will be reversed.

*Affirmed on remittitur.*

Thereafter appellee filed here a *remittitur* in the sum
of $2,250, and the judgment is accordingly affirmed for
the balance of the judgment, being $2,500, at the costs
of the appellee.